UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE AND MARY ANN FEIRSON, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 01-0905 (JDB) |

## MEMORANDUM OPINION

Presently before the Court is the motion of defendant District of Columbia ("the District") for summary judgment addressing the remaining claims brought by plaintiffs Bruce and Mary Ann Feirson pursuant to the common law of the District of Columbia. Previously, the Court granted summary judgment for the District as to Bruce Feirson's claims under 42 U.S.C. § 1983. See Feirson v. District of Columbia, Civil Action No. 01-0905 (D.D.C. Mar. 30, 2004) (memorandum opinion) ("Feirson Mem. Op.").[1] The District now moves for summary judgment as to all remaining claims -- specifically, Bruce Feirson's intentional tort claims and Mary Ann Feirson's loss of consortium claim. For the reasons that follow, the Court will grant the District's motion.

## BACKGROUND

This case arises out of Sgt. Bruce Feirson's participation in an Armament Systems

---

[1] The Court has already granted summary judgment in favor of three private physicians sued by plaintiffs. See Feirson v. District of Columbia, Civil Action No. 01-0905 (D.D.C. Mar. 29, 2005) (memorandum opinion).

Proficiency ("ASP") training session conducted by the Metropolitan Police Department ("MPD") on April 27, 2000.  Feirson Mem. Op. at 1.  The ASP training, which trains MPD officers in the use of the ASP baton, includes classroom instruction and testing, physical conditioning exercises and drills, and a combat segment.  Id. at 1-2.  The combat segment requires a trainee to engage his training instructor (also known as an "assault officer") in physical combat.  Id. at 2.  The training instructor plays the role of a violent assailant, and the trainee, in full protective gear, is expected to defend against the instructor's aggressive advances by using the ASP baton.  Id.  Sgt. Feirson was injured while participating in the combat segment of the ASP program.  Id.

Plaintiffs filed suit on April 26, 2001.  Id.  In relevant part, the complaint includes two counts brought by Sgt. Feirson against the District.  See Compl. at 7-9.  Count I seeks relief under § 1983 and alleges that the District violated Sgt. Feirson's constitutional rights, privileges, and immunities under the Fourth, Fifth, and Fourteenth Amendments by intentionally causing the use of excessive and objectively unreasonable force against him.  Id. at 7-8.  Count II alleges that the District is liable for Sgt. Feirson's injuries and resultant damages "[u]nder the statutes, common law and/or case law of the District of Columbia, or otherwise applicable law."  Id. at 8-9.[2]  Sgt. Feirson's wife, Mary Ann Feirson, brings Count III against the District for the loss of her husband's consortium.  Id. at 9.

On March 30, 2004, the Court dismissed Count I of the complaint, as well as plaintiffs' claims for punitive damages, pursuant to the District's motion for summary judgment.  See

---

[2]Nowhere in the complaint do plaintiffs identify the specific torts that they are alleging against the District, nor do the memoranda of the parties regarding either of the District's motions for summary judgment clarify the legal basis for plaintiffs' allegations.  Technically, plaintiffs' complaint is faulty for this reason.

Feirson Mem. Op. at 7-17.  Summary judgment was, at that time, denied with respect to Counts II and III because the Court found that the notice requirements of D.C. CODE ANN. § 12-309 were satisfied.  See id. at 3-7.  The District has now renewed its motion for summary judgment on Count II, arguing that notwithstanding proper notice under § 12-309, the Police and Firefighters Retirement and Disability Act ("PFRDA"), D.C. CODE ANN. §§ 5-701 et seq., entirely forecloses Sgt. Feirson from recovering from the District for his injuries.  See Def.'s Suppl. Mem. Supp. Mot. for Summ. J. at 1.  Because Mary Ann Feirson's claim for loss of consortium is dependent upon and derivative of the District's liability on Count II, the District submits that summary judgment must also be granted on Count III.  Id. at 8.  In response, the Feirsons contend that PFRDA only forecloses liability for injuries caused by unintentional tortious conduct.  See Pl.'s Mem. Opp'n at 3-4.  According to the Feirsons, case law permits recovery for injuries caused by the District's intentional tortious conduct, and they have adequately pleaded and demonstrated intentional conduct here.  See id.

## ANALYSIS

PFRDA is the worker's compensation scheme established for uniformed employees of the District of Columbia who are injured while performing their duties as police officers or firefighters.  See Brown v. Jefferson, 451 A.2d 74, 77 (D.C. 1982).  The statute is "'generally viewed as remedial legislation intended to advance a social policy which favors limiting the liability of [the District] . . . .'"  Ray v. Lewis, 535 A.2d 868, 870 (D.C. 1987) (quoting Brown, 451 A.2d at 77).  Thus, courts have interpreted PFRDA as the exclusive remedy against the District when it applies.  Lewis v. District of Columbia, 499 A.2d 911, 915 (D.C. 1985).  In Mayberry v. Dukes, 742 A.2d 448 (D.C. 1999), the District of Columbia Court of Appeals held

that this "sole remedy" rule does not apply to suits brought against a co-employee for injuries that result from that co-employee's intentional tortious conduct.  See Mayberry, 742 A.2d at 451-52; see also Phillipsv. District of Columbia, 257 F. Supp. 2d 69, 84 (D.D.C. 2003).  The Mayberry court was reluctant to interpret PFRDA as foreclosing common law remedies that are not contemplated by the statute's text, legislative history, or underlying policy, or by the case law that it has engendered.  See Mayberry, 742 A.2d at 451-52.  Mayberry has never been applied against the District, and the analysis in that decision is tailored to suits against co-employees.  See Phillips, 257 F. Supp. 2d at 84.

      Unlike the Mayberry court, this Court is not asked to extend PFRDA beyond its reasonable boundaries.  Plaintiffs have, in this case, filed a suit against the District.  By its very nature, PFRDA contemplates and addresses this type of suit.  Moreover, legislative intent appears to support the conclusion that when an injured employee (like Sgt. Feirson) sues the District for injuries incurred while performing duties as a police officer or firefighter, PFRDA is the sole avenue for recovery.  Congress specifically carved out uniformed personnel as a class of employees not to be encompassed by the more generally applicable Worker's Compensation Act, choosing instead to address the needs of these employees through PFRDA.  This indicates an intent for PFRDA, when applicable, to constitute the solitary vehicle for redress.  See Lewis, 499 A.2d at 913.  Mayberry does not counsel to the contrary.  That decision was based on the presumption that "'the legislature does not intend to take away common law rights [concerning the availability of tort suits against a co-employee for intentional conduct] unless that purpose is clearly expressed in the statute.'"  Mayberry, 742 A.2d at 451 (quoting Newman v. District of Columbia, 518 A.2d 698, 703 (D.C. 1986)).  In the present case, however, a different

presumption applies:

> When Congress has established a scheme of compensation to provide a remedy for personal injuries suffered in the course of . . . employment, the compensation system is presumed to be the exclusive means of redress *against the government* for all persons eligible for the system's benefits, *even if Congress has not stated that the compensation scheme should be exclusive.*

Lewis, 499 A. 2d at 912-13 (emphasis added).

Indeed, courts have long held that PFRDA is the exclusive remedy in cases brought against the District. See, e.g., Phillips, 257 F. Supp. 2d at 83-84 (holding that PFRDA forecloses actions against the District based upon injuries sustained as the result of an intentional tort during the course of performing duties as a firefighter); Lewis, 499 A.2d at 912-13, 915 (holding that PFRDA forecloses third-party actions against the District based upon injuries sustained during the course of performing duties as a police officer); Ray, 535 A.2d at 871 (holding that PFRDA forecloses actions against the District based upon injuries sustained as a result of medical treatment for a condition suffered during the course of performing duties as a firefighter). Nothing in the text of PFRDA or its legislative history supports a different outcome here, and no case has ever created an exception to the sole remedy rule when the District is named as the defendant.

Hence, the limited exception for injuries caused by intentional tortious conduct may not be invoked when the District, as opposed to a co-employee, is the defendant. See Phillips, 257 F. Supp. 2d at 84. Accordingly, Count II cannot be sustained. Because the loss of consortium claim in Count III is dependent upon the District's liability under Count II, Count III also lacks a

legal basis.[3]

## CONCLUSION

For the foregoing reasons, the District's motion for summary judgment on Counts II and III will be granted and plaintiffs' action against the District will be dismissed. A separate order has been issued on this date.

     /s/    John D. Bates
       JOHN D. BATES
   United States District Judge

Dated:   November 22, 2005

Copies to:

Frank J. Eisenhart
DECHERT LLP
1775 I Street, NW
Washington, DC 20006-2402
(202) 261-3306
Fax: (202) 261-3333
Email: frank.eisenhart@dechert.com

James Gregory Dyer
DECHERT PRICE & RHOADS
1775 I Street, NW
Washington, DC 20006
(202) 261-3338
Email: gregory.dyer@dechert.com

---

[3] The memoranda of the parties center on the meaning of two cases: Rustin v. District of Columbia, 491 A.2d 496 (D.C. 1985), and Grillo v. Nat'l Bank of Washington, 540 A.2d 743 (D.C. 1988). Both cases are relevant to an issue that the Court does not reach here -- namely, the legal standard used to determine whether a tortious action is intentional. Moreover, the cases do not address PFRDA, and they do not involve police officers or firefighters. Indeed, the District was not even a defendant in Grillo. The Court's analysis is therefore properly guided by Mayberry, Lewis, and Phillips, not Rustin or Grillo.

Brennan J. Torregrossa
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-2358

> *Counsel for plaintiffs*

David A. Jackson
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, NW
6th Floor South
Washington, DC 20001
(202) 724-6618
Fax: (202) 724-3526
Email: djackson@occ.dcgov.org

> *Counsel for defendant*